MILLAR, Appellant, vs. JACOBSON, imp., Respondent.

*September 20 — October 11, 1887.*

*Deed, avoidance of: Equity lost by laches.*

M., when sick and expecting soon to die, conveyed land to A. by warranty deed, which was duly recorded; but on his recovering, A. reconveyed to him one half the land, and herself occupied the remaining half as her own for some four years, and then, with the knowledge and consent of M., conveyed the same to J. for a valuable consideration, he having no notice of M.'s rights. *Held,* that M. had lost any equity he might have had to the land so conveyed to J. arising out of his claim that he supposed the instrument executed by him to be a will, by his delay to assert the same.

APPEAL from the Circuit Court for *Racine* County.

The facts sufficiently appear from the opinion.

For the appellant there was a brief by *E. G. Comstock* and *M. C. Krause*, and oral argument by *Mr. Comstock.* They contended that the deed from plaintiff to defendant Anderson was void, there being no evidence of its acknowledgment or delivery, or of an intention to deliver. *Bates v. Wilbur*, 10 Wis. 415; *Dunbar v. Bittle*, 7 id. 143; *Bogie v. Bogie*, 37 id. 373; *Meach v. Meach*, 24 Vt. 591; *Fitzgerald v. Goff*, 99 Ind. 28; *Jones v. Loveless*, id. 317. The defendant *Jacobson* had constructive notice of plaintiff's rights, and was not entitled to protection as a *bona fide* purchaser. *Everts v. Agnes*, 6 Wis. 453; *Fallass v. Pierce*, 30 id. 443; *Letson v. Reed*, 45 Mich. 27; *Berry v. Whitney*, 40 Mich. 71.

For the respondent there was a brief by *Quarles & Spence*, and oral argument by *Mr. Spence.*

TAYLOR, J.   This is an equitable action to set aside a deed of real estate, made and executed by the appellant to the respondent Anderson, and also a deed from her to the respondent *Jacobson*, and to compel the said *Jacobson* to convey said land to the appellant.   The facts of the case are

that Anderson was a widow woman, and owned the real estate in question, together with some other lands; that while she was such owner, and about September, 1877, the appellant went to live at her house, and, as he claimed, worked for her from that time on for seven years and more; that in payment for his work she agreed to and did convey to him the land in question, together with twenty acres more, adjoining, making forty acres in all. This conveyance was made in November, 1880. After this conveyance the appellant continued to live with the said Anderson as before, and in the early summer of 1882 the appellant became very sick, and was told that his sickness would probably prove fatal. And during this sickness he made a warranty deed of this forty acres to said Mary Jane Anderson, bearing date June 7, 1882. This deed was recorded in the office of the register of deeds of the proper county on the 11th of July, 1882. The appellant recovered from his sickness, and then claimed that Anderson should reconvey the lands to him. This she refused to do in whole, but on the 10th of August, 1882, she did reconvey to the appellant the north twenty acres of said forty acres. On March 5, 1886, Mary Jane Anderson conveyed the twenty acres in dispute to *Jacobson*, the other respondent, by a warranty deed, and for a valuable consideration. There is evidence in the case showing that after the appellant recovered from his sickness, and after Mary Jane Anderson had reconveyed to him the north twenty acres of the forty acres he had conveyed to her in his sickness, she occupied the twenty acres not conveyed to the appellant as her separate property.

The only ground which the appellant alleges for setting aside the deed is that he supposed he was making a will when he executed the deed during his sickness, and that he had no intention of making a deed, and did not know that the instrument executed by him was a deed. The evidence on the part of the defendant tends strongly to show that

he knew that it was a deed which he executed and acknowledged, and not a will; it also shows that, although the appellant was very sick and very weak at the time, his mental faculties were not so impaired as to render him unconscious as to what he was doing, and that he was in fact competent to execute a deed at the time.

The court found as facts upon the evidence that the plaintiff, at the time he executed the deed to Mary Jane Anderson, was of sound mind, and comprehended and understood the nature and character of the instrument executed by him, and that it was not represented to him by any one that the instrument he executed was a will; that the execution of such deed was not procured to be made through any false or fraudulent representations made by said Mary Jane Anderson, or by any other person acting in her behalf; and that the respondent, *Jacobson*, purchased the twenty acres of Anderson in good faith for a valuable consideration, without any knowledge of the claim made by the appellant to said premises, and ordered judgment dismissing the complaint. Upon reading the evidence in the case we think the learned judge was justified in finding the above facts.

There is one fact in the case which we think is decisive against the appellant. The evidence shows that soon after he recovered from his sickness, and on the 10th day of August, 1882, Mary Jane Anderson conveyed to him by warranty deed twenty acres of the land which he had conveyed to her in his sickness in June previous. This deed was recorded in the proper office August 11, 1882, and the evidence tends strongly to show that after that date Mary Jane Anderson occupied the twenty acres in controversy separately as her property, with the knowledge and consent of the appellant. It is too late for him now to assert his claim against a party who has purchased the same of Anderson for a valuable consideration. He has acquiesced in her

claim of title for nearly four years, and has lost all equity, if he ever had any, to avoid her title as against the respondent *Jacobson*, who had no knowledge of the claim now made by the appellant.

*By the Court.*— The judgment of the circuit court is affirmed.